# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZARANABEN S. PATEL, *Individually and as Administratrix of the Estate of Shaileshkumar H. Patel, deceased,* : : : : | |
| Plaintiff : | CIVIL ACTION NO. 3:14-1439 |
| v : | (JUDGE MANNION) |
| KENSOL-FRANKLIN, INC., et al., : | |
| Defendants | |

## MEMORANDUM

Presently before the court is plaintiff's motion to quash the subpoenas issued by defendant Kensol-Franklin, Inc. to depose her two minor children. (Doc. 45). Defendant responded to the motion. (Doc. 46). The motion to quash will be **GRANTED**.

Plaintiff Zaranaben S. Patel, a resident of Duryea, Pennsylvania, individually and as Administratrix for the estate of Shaileshkumar H. Patel ("decedent") filed this action on July 3, 2014. The case was removed to this court on July 25, 2014, based on diversity jurisdiction, 28 U.S.C. §1332. (Doc. 1). On September 3, 2014, plaintiff filed an amended complaint. (Doc. 8). She alleges that defendants, Kensol-Franklin, Inc., and The Thomson Group Companies, sold decedent's employer, Letica Corporation, a defectively designed and unreasonably dangerous product, namely a KF 2500A Hot Stamping Machine, that lacked adequate and necessary warnings to protect the end user. As a result, plaintiff alleges that this machine toppled over,

crushing and killing decedent, age 38, on September 10, 2012. The amended pleading states that decedent is survived by his wife, plaintiff Zaranaben S. Patel, and his two young children, daughter, Krishna Patel (DOB 07/04/02) and son, Om Patel (DOB 12/26/03). (Doc. 8, ¶ 3). It also states that plaintiff brings this suit as the Administratrix of the Estate of decedent having been duly appointed by the Register of Wills Office of Luzerne County. (Id., ¶ 4). Plaintiff alleges that defendants are liable under theories of negligence (Count I), strict product liability (Count II), and breach of implied warranty (Count III). In Count IV, plaintiff brings a wrongful death claim against defendants "on behalf of decedent's next of kin/statutory beneficiaries." Plaintiff states that she survived decedent along with his daughter and his son. (Id., ¶'s 52-53). Additionally, it is alleged that plaintiff brings the wrongful death claim "on behalf of all persons entitled to recover under law, claims all medical, funeral, burial, and estate administration expenses, the loss of services, society, comfort, guidance and tutelage due to the death of [decedent], all pecuniary loss suffered by decedent's next of kin/statutory beneficiaries by reason of the death of [decedent], and all other damages recoverable under applicable law." (Id., ¶ 55). Lastly, in Count V, plaintiff brings a survival claim.

Defendant Kensol-Franklin seeks to depose the two minor children of plaintiff and decedent, ages 11 and 12, stating that it believes that "plaintiff will seek to put the emotional wellbeing of the children and the affect that their father's death has had on them at issue during trial." Kensol-Franklin also

2

believes it is "relevant and highly pertinent to depose both children relative to how their father's death has affected their lives, as well as how this event has had an [impact] on their emotional wellbeing and to what extent." Defendant also states that even though plaintiff has represented that her children will not be called as trial witnesses and that she "is able to provide all information about how her husband's death has affected her children, and is willing to stipulate to the testimony that [she] will give at trial concerning her children," "[it] believes that the children are old enough to articulate how their father's death has affected their lives through their own words." (Doc. 46).

Defendant Kensol-Franklin's subpoenas to depose plaintiff's two minor children were issued under Fed.R.Civ.P. 45. The Court in Highland Tank & Mfg. Co. v. PS Intern., Inc., 277 F.R.D. 374, 379 (W.D. Pa. 2005), stated:

> Generally, Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena commanding a person to whom it is directed to attend and give testimony, or to produce and permit the inspection of designated documents. [footnote omitted]. Rule 45(a)(1)(C). Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit. *See* Adv. Comm. Note on 1991 Amendments to Fed.R.Civ.P. 45.

Plaintiff contends that the subpoenas impose an undue burden in that her minor children have no personal knowledge of the matters at issue, will not be called as trial witnesses, and the information can be more easily obtained from her. "Fed.R.Civ.P. 45(c)(3)(A)(iv) authorizes a court to quash a subpoena if it 'subjects a person to an undue burden.'" Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enterprises, Inc., 160

3

F.R.D. 70, 72 (E.D.Pa. 1995). Thus, "a District Court may quash or modify a subpoena if it finds that the movant has met its heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" Id. (citation omitted).

Since this case is proceeding on diversity jurisdiction, the court applies Pennsylvania substantive law to plaintiff's claims. Erie v. Tompkins, 304 U.S. 64, 78 (1938). "[Pennsylvania] courts have recognized that under the Wrongful Death Act, 42 Pa.C.S.A. §8301, children can recover for losses occasioned by the death of their parent(s)." Machado v. Kunkel, 804 A.2d 1238, 1244-45 (Pa.Super. 2002). The court in Machado, 804 A.2d at 1245, explained:

> Under Pennsylvania law, a child can recover in a wrongful death action for the loss of companionship, comfort, society and guidance of a parent. Steiner by Steiner v. Bell Telephone Co., 358 Pa.Super. 505, 510, 517 A.2d 1348, 1356 (1986), aff'd. 518 Pa. 57, 540 A.2d 266 (1988). This element of damages has also been described as "loss of guidance, tutelage, and moral upbringing." Buchecker v. Reading Co., 271 Pa.Super. 35, 57, 412 A.2d 147, 158 (1979). Walton v. Avco Corp., 383 Pa.Super. 518, 557 A.2d 372, 388 (1989), aff'd in part, rev'd in part on other grounds, 530 Pa. 568, 610 A.2d 454 (1992). See also, Summary Of Pennsylvania Jurisprudence 2d Torts §25:41 (1999). The losses recoverable by the children of the decedent in a wrongful death action include the loss of such services as the deceased's guidance, tutelage, and moral upbringing. These damages are recoverable not under the general theory of loss of "parental consortium" but as part of the damages in a wrongful death action. Quinn v. Com. Dept. of Transp., 719 A.2d 1105 (Pa.Cmwlth. 1998), appeal denied, 737 A.2d 1227 (Pa. 1999). However, "the definition of compensable services for the purpose

4

of the death statute is similar to the definition of consortium as that term is applied in other negligence cases." Summary Of Pennsylvania Jurisprudence 2d Torts § 25:42 (1999).

Under the wrongful death statute, the purpose is to compensate "the decedent's survivors for the pecuniary losses they have sustained as a result of the decedent's death.... This includes the value of the services the victim would have rendered to his family if he had lived." Id. at 1245-46 (quoting Slaseman v. Myers, 309 Pa.Super. 537, 545, 455 A.2d 1213, 1218 (1983). "A wrongful death action does not compensate the decedent; it compensates the survivors for damages which they have sustained as a result of the decedent's death." Id. (citation omitted). Under Pennsylvania law, the decedent's widow is the party authorized to bring a wrongful death action. Thus, plaintiff was entitled to initiate and maintain a wrongful death action on her behalf and on behalf of her two children for the death of their father. Id. at 1246-47 (citing 42 Pa.C.S.A. §8301(b) ("the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased, whether or not citizens or residents of this Commonwealth or elsewhere")). Additionally, "in a wrongful death action, an award of damages should not be apportioned by the jury among the beneficiaries but should be a lump sum amount which would then be distributed pursuant to the intestacy statute." Id. at 1248 (citation omitted). "The damages recovered [in a wrongful death action] are not part of decedent's estate, but rather are compensation to individual

members of the family for their loss." Tulewicz v. S.E. Pa. Trans. Auth., 529 Pa. 588, 596, 606 A.2d 427, 431 (1992).

However, the Pennsylvania Supreme Court in Skoda v. West Pennsylvania Power Co., 411 Pa. 323, 334, 191 A.2d 822, 828 (Pa. 1963), explained what damages were recoverable under the wrongful death act and stated:

> [T]he administratrix was entitled to recover for the benefit of the daughter and herself as widow the amount of the pecuniary loss they . . . would have received from [decedent's] earnings for their support during the period of his life expectancy and while the family relationship continued between them, but without any allowance for mental suffering, grief, or loss of companionship [].

*See also* Wetzel v. McDonnell Douglas Corp., 491 F.Supp. 1288, 1290 (D.C.Pa. 1980) ("In a wrongful death action, damages are measured by the pecuniary loss to the family of the decedent.").

The mental anguish of plaintiff and her two children is not an element of her wrongful death claim. Thus, in a wrongful death action, plaintiff cannot recover for the emotional loss regarding the grief and mental suffering caused by the decedent no longer being physically present in her life and in the life of their two children. *See* Skoda v. West Pennsylvania Power Co. 411 Pa. 323, 334 191 A.2d 822, 829 (1963); see also Papieves v. Kelly, 437 Pa. 373, 380, 263 A.2d 118, 122 (1970) (Pa. Supreme Court stated that "no recovery has been allowed in wrongful death actions for grief and mental suffering

6

resulting from the loss of a decedent."). While the emotional injuries of grief or mental suffering is not recoverable, damages arising from the loss of companionship of decedent connected to the benefits associated with society and comfort are recoverable. Id. (citing *Machado, supra*); see also Walsh v. Strenz, 63 F.Supp.2d 548, 550 (M.D.Pa. 1999) ("pecuniary" loss recoverable in wrongful death action includes "lost earnings occasioned by the death, as well as services the decedent would have performed for the family." (citation omitted). Moreover, "[t]he wrongful death statute is subject to strict construction." Id. (citation omitted).

In the instant case, Kensol-Franklin seeks to depose plaintiff's children regarding their emotional wellbeing and the affect that decedent's death had on them. Plaintiff seeks to quash the subpoenas arguing that the depositions of her children about how their father's death affected their lives will subject them to undue stress, emotional harm and anxiety. The court has not found any cases on point. However, in Monheim v. Union R. Co., 996 F.Supp.2d 354 (W.D.Pa. 2014), decedent's widow provided deposition testimony about pecuniary damages to her minor son in order to recover loss-of-care damages in a wrongful death action brought under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§51–60, for decedent's child until he reached the age of majority. The court held that the widow produced sufficient evidence to

7

warrant submission of the question of damages for decedent's son's care, counseling, and training to the jury. "Under the FELA, minor children are entitled to be compensated for the economic value attendant to the loss of care, counsel, training, and education which the child might have reasonably received from the parent. 45 U.S.C. §51." Id. at 370. Further, under the FELA, "[a]n award of loss-of-care damages [for minor children] does not extend to compensation for grief resulting from the loss of the warm and loving parental relationship." Id. Rather, "[t]he damages [under the FELA] are a more limited and measurable award for loss of valuable services in the nature of instruction, training, and guidance." Id. (citation omitted). Similarly, in a wrongful death action under Pennsylvania law, plaintiff's children can be compensated for the deprivation of parental companionship, comfort, society and guidance by the wrongful death of decedent as well as the loss of the tutelage and moral upbringing decedent would have provided. Machado, 804 A.2d at 1245. Since the grief and mental suffering caused by the decedent's death is not recoverable, like the *Monheim* case, the court finds that plaintiff's proposed alternative means for Kensol-Franklin to obtain the relevant information regarding her non-party, minor children will suffice. Plaintiff has shown that the subpoenas will subject her children to an undue burden in revisiting their father's death. Plaintiff will be able to testify concerning how

8

decedent's death affected her children to the stated extent permitted in a wrongful death action (i.e., regarding the value of the services decedent would have rendered his children if he had lived) and her proffered stipulation to the entire testimony she will give at trial regarding her children will protect the welfare of the children and will adequately address any prejudice to Kensol-Franklin.

Accordingly, the court will grant plaintiff's request to quash the subpoenas directed at her non-party, minor children, (Doc. 45), and not allow Kensol-Franklin to depose plaintiff's two children. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: September 11, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1439-01.wpd